USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIAMOND TUCKER ST. PROPERTY, LLC, ET AL.,<br><br>Plaintiff,<br><br>–against–<br><br>PUPOVIC ET AL.,<br><br>Defendant. | 26-CV-6586 (NSR)<br><br>**OPINION & ORDER** |

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Diamond Tucker St. Property, LLC, Redemption, LLC, and Westfair, LLC (collectively, "Plaintiffs") bring this action arising from Defendants Karen and Ismet Pupovic's (collectively, "Defendants") attempts to enforce a Connecticut money judgment through a judgment lien and foreclosure proceedings. Plaintiffs allege that Defendants engaged in fraudulent and otherwise unlawful collection practices in connection with the enforcement of the judgment.

Presently before the Court is Plaintiffs' motion for a preliminary injunction. (ECF No. 19), seeking to enjoin Defendants from pursuing further collection and litigation activities and relying upon allegedly fraudulent land records. For the reasons set forth below, Plaintiffs' motion is DENIED.

## BACKGROUND

On or about June 21, 2024, Defendants Karen and Ismet Pupovic ("Defendants") obtained a judgment against Plaintiffs Diamond Tucker St. Property, LLC, Redemption, LLC, and Westfair, LLC (collectively, "Plaintiffs") in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport, *Pupovic v. Diamond Tucker St. Property, LLC*, Docket No. FBT-CV23-6129303-S

(the "Bridgeport Action"). On September 12, 2024, Defendants recorded a judgment lien against Plaintiffs' property. Thereafter, Defendants commenced a foreclosure action in Connecticut Superior Court to satisfy the judgment, *Pupovic v. Diamond Tucker St. Property, LLC*, Docket No. FBT-CV24-6139704-S (the "Foreclosure Action"). (ECF No. 12 at 18-19.)

Plaintiffs subsequently initiated several proceedings challenging the judgment and foreclosure. On December 12, 2024, Plaintiffs attempted to remove the Bridgeport Action to the United States District Court for the District of Connecticut. On May 16, 2025, Judge Victor A. Bolden remanded that action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (*Id*. at 19.) Plaintiffs also removed the Foreclosure Action to the District of Connecticut in January 2025. On October 10, 2025, Judge Bolden remanded that action on *Rooker-Feldman* grounds and subsequently denied Plaintiffs' motion for reconsideration on February 3, 2026. (*Id*. at 19-20.) On December 8, 2025, Plaintiffs commenced another action in the District of Connecticut, alleging improper service and injuries arising from the allegedly false judgment lien. On February 11, 2026, Judge Omar A. Williams dismissed that action sua sponte under the *Rooker-Feldman* doctrine. That same day, Plaintiffs again removed the Foreclosure Action to the District of Connecticut, where it remained pending at the time of Judge Rearden's ruling. (*Id*. at 20-21.)

On August 1, 2026, Plaintiffs commenced the instant action and filed an emergency motion for a temporary restraining order ("TRO") and preliminary injunction seeking to restrain Defendants from taking further collection or litigation actions to enforce the Connecticut judgment and allegedly fraudulent filings. (ECF Nos. 1-2.) On August 7, 2026, Judge Jennifer H. Rearden, sitting as the Part I judge, denied Plaintiffs' TRO application. Judge Rearden concluded that the requested relief was barred by the *Rooker-Feldman* doctrine and, independently, that Plaintiffs had failed to establish irreparable harm. (ECF No. 12 at 22-28.)

The matter proceeded before Judge Rakoff. Plaintiffs thereafter filed a First Amended Complaint (ECF No. 16) and, on September 18, 2026, renewed their motion for a preliminary injunction (ECF No. 19.) Plaintiffs contend that their renewed application is distinguishable from the original TRO because it concerns Defendants' allegedly independent tortious conduct in pursuing the collection and foreclosure proceedings. Plaintiffs' renewed motion for a preliminary injunction is presently before the Court.

## STANDARD OF REVIEW

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In the Second Circuit, the same substantive standard governs both forms of relief. *See Local 1814, Int'l Longshoremen's Ass'n* v. *N.Y. Shipping Ass'n*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Basank* v. *Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." (quoting *Andino* v. *Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008))). A party seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter* v. *Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## DISCUSSION

At the August 7, 2026, hearing, Judge Rearden denied Plaintiffs' original TRO application on two independent grounds. First, Judge Rearden concluded that the requested relief was barred by the Rooker-Feldman doctrine because Plaintiffs' claims effectively sought federal court review of the underlying Connecticut judgment. (ECF No. 12 at 22-24.) Second, Judge Rearden independently determined that Plaintiffs failed to demonstrate irreparable harm sufficient to

warrant emergency injunctive relief. (*Id*. at 24-28.) Plaintiffs now attempt to distinguish their present application by emphasizing that their First Amended Complaint concerns Defendants' allegedly independent tortious conduct rather than the validity of the underlying Connecticut judgment. Specifically, Plaintiffs allege that Defendants engaged in fraudulent collection practices, recorded and relied upon allegedly forged land records, and continued to prosecute a foreclosure action despite purported defects in service of process. (ECF No. 20.) Plaintiffs contend that these allegations concern independent wrongful conduct and therefore do not implicate the Rooker-Feldman doctrine.

Nevertheless, Plaintiffs' revised characterization of their claims does not entirely eliminate the jurisdictional concerns identified by Judge Rearden. Although Plaintiffs emphasize Defendants' allegedly independent conduct, the relief they seek remains directed at preventing enforcement of the Connecticut judgment through the pending foreclosure proceedings. Indeed, Plaintiffs' contention that Defendants' collection activities are unlawful continues to rest, at least in part, on their assertions that the judgment lien and foreclosure proceedings are legally defective. Thus, notwithstanding Plaintiffs' attempt to distinguish the present application, questions remain as to whether the requested relief would require this Court to review or interfere with the underlying Connecticut judgment.

Even assuming the Court has jurisdiction to entertain the present application, Plaintiffs have failed to establish irreparable harm warranting preliminary injunctive relief. "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB* v. *Wabtec Corp*., 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted). To establish irreparable harm, a movant must demonstrate that, absent preliminary relief, it will suffer an injury that is "neither remote nor speculative, but actual and imminent," and

that cannot be remedied following a final adjudication on the merits. *Id*. (quoting *Grand River Enter. Six Nations, Ltd*. v. *Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)). Where an adequate remedy at law exists, including monetary damages, injunctive relief is generally unavailable absent extraordinary circumstances. *Id*. Moreover, a movant's delay in seeking injunctive relief may undermine a claim of irreparable harm. *Citibank, N.A.* v. *Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). Because preliminary injunctions are intended to address an urgent need for relief, a substantial delay in seeking such relief weighs against a finding of imminent injury. *Id*.

Since the same substantive standard governs both TROs and preliminary injunctions, Judge Rearden's prior analysis of Plaintiffs' alleged irreparable injuries is directly relevant to the present motion. In denying the original TRO, Judge Rearden considered Plaintiffs' arguments that the allegedly fraudulent judgment lien and related filings prevented them from selling or refinancing their property and that the pending foreclosure action threatened the loss of their property. (ECF No. 12 at 25-28.) Judge Rearden concluded that Plaintiffs' delay in seeking emergency relief undermined their assertion of imminent irreparable harm. (*Id*.) Judge Rearden further determined that the possibility of foreclosure did not establish imminent injury because the foreclosure proceedings remained pending and Plaintiffs could raise their procedural objections in those proceedings. (*Id*.)

Having independently reviewed Plaintiffs' present application, this Court agrees with Judge Rearden's analysis. Although Plaintiffs now emphasize Defendants' allegedly independent fraudulent conduct, the injuries for which they seek preliminary injunctive relief remain substantially unchanged. Plaintiffs continue to assert that the judgment lien and allegedly fraudulent filings cloud the title to their property, prevent its sale or refinancing, and expose them to the possibility of foreclosure. (ECF No. 20.) Plaintiffs have not demonstrated that these alleged

injuries have become sufficiently imminent to warrant preliminary injunctive relief or that circumstances have materially changed since Judge Rearden's ruling. Moreover, Plaintiffs' additional allegations concerning Defendants' purported misconduct do not, standing alone, establish irreparable harm. Regardless of the legal theories underlying Plaintiffs' amended claims, Plaintiffs must independently demonstrate that they face actual and imminent injury absent an injunction.

Accordingly, the Court concludes that Plaintiffs have failed to establish irreparable harm for substantially the same reasons articulated by Judge Rearden in denying the original TRO application. Since irreparable harm is a necessary prerequisite to preliminary injunctive relief, the Court need not reach the remaining preliminary injunction factors. *See Faiveley*, 559 F.3d at 118.

**CONCLUSION**

For the foregoing reasons, Plaintiffs have failed to demonstrate that they will suffer irreparable harm in the absence of preliminary injunctive relief. Accordingly, Plaintiffs' motion for a preliminary injunction is denied. The Clerk of the Court is kindly directed to terminate the motions at ECF Nos. 19 and 29.

Pursuant to the Court's October 9, 2026, Order, discovery shall remain stayed pending the Court's resolution of Defendants' motion to dismiss.

SO ORDERED.

Dated: October 15, 2026
White Plains, New York

Nelson S. Román, U.S.D.J.